SLIP OPINION
2014 Ark. App. 467

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV–14–372

| | |
|---|---|
| | Opinion Delivered September 17, 2014 |
| MONIQUE WARE | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. JV-2012-325-D/N] |
| APPELLANT | |
| V. | HONORABLE THOMAS E. SMITH, JUDGE |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILDREN | |
| APPELLEES | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## BRANDON J. HARRISON, Judge

The Benton County Circuit Court terminated the parental rights of Monique Ware to her children J.A., C.A., M.W., K.W., X.W., and G.W. Ware's counsel has filed a no-merit brief pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Ark. Sup. Ct. R. 6-9(i) (2013), asserting that there are no meritorious issues that could arguably support an appeal and seeking permission to withdraw as counsel. The clerk of this court sent a copy of counsel's brief and motion to withdraw to Ware at her last known address, advising her of her right to file pro se points for reversal pursuant to Ark. Sup. Ct. R. 6-9(i)(3), but the notification was returned marked "insufficient address." We grant counsel's motion to withdraw and affirm the order terminating Ware's parental rights.

On 14 May 2012, the Department of Human Services (DHS) filed a petition for emergency custody of Ware's six children. The attached affidavit described reports of environmental neglect, inadequate supervision, failure to protect, cuts/bruises/welts, and striking a child. When the children were taken into custody, Ware tested positive for THC, "Benzos," and admitted to smoking marijuana while her children were present in the home. The affidavit also noted that DHS had a history with Ware starting in August 2011, when G.W. and X.W. were born at thirty weeks and both Ware and the babies tested positive for THC. In January 2012, there was a report of medical neglect due to Ware's failure to take the twins to scheduled doctor's appointments.

The court adjudicated the children dependent-neglected in August 2012 and ordered Ware to complete parenting classes, attend counseling, obtain and maintain stable housing and employment, obtain a drug and alcohol assessment, and refrain from the use of alcohol or illegal substances. DHS provided a number of services to Ware, including visitation, medical services, referral for drug and alcohol assessment, referral for psychological evaluation, clothing purchases, tutoring referral, referral for counseling, home visits, and transportation.

In a permanency-planning order filed 23 July 2013, the court found that Ware had partially complied with the case plan by attending counseling and parenting classes but that she had not obtained stable housing or income and had not submitted to hair-follicle testing. The court again ordered her to comply with the requirements of the case plan and to "submit to a hair follicle test forthwith." In a review order filed 13 August 2013,

the court noted that Ware's hair-follicle test showed a positive result for methamphetamine and THC.

DHS filed a petition to terminate Ware's parental rights on 23 August 2013, citing three statutory grounds for termination: (1) the juveniles have been adjudicated by the court to be dependent-neglected and have continued to be out of the custody of the parent for twelve months, and despite meaningful efforts by DHS to rehabilitate the parent and correct the conditions that caused removal, those conditions have not been remedied; (2) other factors or issues arose subsequent to the filing of the original petition for dependency-neglect that demonstrate that return of the juveniles to the custody of the parent is contrary to the juveniles' health, safety, or welfare and that despite the offer of appropriate family services, the parent has manifested the incapacity or indifference to remedy the subsequent issues or factors; (3) the children have been subjected to aggravated circumstances because there is little likelihood that services to the family will result in successful reunification. Ark. Code Ann. § 9-27-341(b)(3)(B)(i)(*a*), (vii)(*a*), & (ix)(*a*)(*3*) (Supp. 2011).

After a hearing, the court terminated Ware's parental rights to her six children. The court found that the children were likely to be adopted, that the health and safety of the children would be at risk if returned to the custody of their mother, and that DHS had proved all three grounds alleged in the petition. Specifically, the court found that

> [d]espite the services Monique Ware has tested positive for methamphetamines and marijuana during the pendency of this action, has not accomplished her case plan goals, does not consistently take her prescribed medication, has not provided proof of therapy attendance or psychiatrist attendance, and has refused to tell the Department or CASA where she is currently living.

The court also found aggravated circumstances because Ware "has demonstrated a clear incapacity or inability to remedy the conditions which caused removal." Ware has timely appealed from this order.

A circuit court's order that terminates parental rights must be based on findings proved by clear and convincing evidence. Ark. Code Ann. § 9-27-341(b)(3) (Supp. 2011); *Dinkins v. Ark. Dep't of Human Servs.*, 344 Ark. 207, 40 S.W.3d 286 (2001). Clear and convincing evidence is proof that will produce, in the fact-finder, a firm conviction on the allegation sought to be established. *Dinkins, supra.* On appeal, we will not reverse the circuit court's ruling unless its findings are clearly erroneous. *Id.* A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id.* In determining whether a finding is clearly erroneous, an appellate court gives due deference to the opportunity of the circuit judge to assess the witnesses' credibility. *Id.*

In her no-merit brief, Ware's counsel contends that clear and convincing evidence supports both the finding of grounds for termination and the finding that termination would be in the children's best interest. With regard to best interest, counsel notes testimony that there were individuals who had expressed a desire to adopt five of the six children, and the remaining child, M.W., was a fun and healthy seven-year-old who was highly adoptable. Counsel also cites Ware's continued drug use, her failure to comply with the court's orders, and her failure to address her mental-health issues as evidence of potential harm to the children.

Regarding the grounds for termination, Ware's counsel explains that only one ground is required to be proved and argues that, in this case, there was clear and convincing evidence that Ware had manifested the incapacity or indifference to remedy the subsequent issues or factors that prevented the children from returning to her care. Counsel notes that Ware was threatened with eviction three times during the circuit-court case and refused to disclose her current address to DHS; that Ware had been employed at her current job for only three months; and that she failed to address her mental-health issues and substance-abuse issues and continued to use illegal drugs. Counsel concludes that Ware "clearly manifested an indifference to participate in treatment to ensure that her issues would be addressed in a way to make her a safe and stable parent for her children." In addition, counsel has identified the adverse rulings against Ware and explained why those rulings do not provide meritorious grounds for reversal.

We agree that the circuit court had ample evidence upon which to find that it was in the children's best interest for Ware's rights to be terminated and that statutory grounds for termination existed. Thus, we grant counsel's motion to withdraw and affirm the termination of Ware's parental rights.

Affirmed; motion to withdraw granted.

WYNNE and GLOVER, JJ., agree.

*Dusti Standridge*, for appellant.

No response.